IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARLA FRASIER and PARRIS FRASIER individually and on behalf of minor child (M.F.), 8/17/2012, | ) ) ) ) | Case No.: 4:23-cv-2515-JD-TER |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| FLORENCE COUNTY SCHOOL DISTRICT ONE, RICHARD O'MALLEY, BRIAN DENNY, TINA JOHNSON, TERESA HARMON, and GILBERT NANCE, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United

States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and

Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 13.) Plaintiffs Marla Frasier

("Marla Frasier") and Parris Frasier ("Parris Frasier"), individually and on behalf of minor child

(M.F.), 8/17/2012 (collectively "Plaintiffs"), proceeding *pro se*, filed this action in state court

alleging state law causes of action for negligent hiring, training, and supervision, negligence per

se, gross negligence, intentional infliction of emotional distress, and breach of fiduciary duty, as

well as claims under the Title II of the Americans with Disabilities Act of 1990 (ADA) 42 U.S.C.

§§ 12131 et al, and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

pursuant to 42 U.S.C. § 1983.[2]  (DE 1-1.)  Plaintiffs allegations arise out of allegations that Defendants Florence County School District One, Richard O'Malley, Brian Denny, Tina Johnson, Teresa Harmon, and Gilbert Nance (collectively "Defendants") breached the duty owed to M.F. to provide a safe education environment by failing to intervene and stop repeated, disability-based harassment and bullying, which resulted in Minor Frasier developing severe emotional and psychological issues, including depression and suicidal ideations, embarrassment, humiliation, ostracism, anxiety, grief, emotional distress, physical stress, and other economic and psychological injuries.  The Complaint alleges that Defendants violated Minor Frasier's rights under Title II of the ADA and Section 504 of the Rehabilitation Act.  (DE 1-1.)

On June 8, 2023,  Plaintiffs filed a Motion to Remand, although the grounds for removal are unclear based on Plaintiffs' motion.  (DE 5.)  Defendants filed a Motion to Dismiss because non-attorney parents are barred from representing their children in federal court, the parents otherwise lack standing, and the remaining claims are otherwise barred by the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq.  (DE 6.)

Because Plaintiffs are proceeding *pro se*, they were advised, under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the motion being granted and their claims dismissed.  Plaintiffs filed a Response in opposition to Defendants' Motion to Dismiss.  (DE 10.)  Defendants filed a response in opposition to Plaintiffs' Motion to Remand.  (DE 9.)  The Report was issued on December 12, 2023, recommending that Plaintiffs' Motion to Remand (DE 5) be denied.  The Report also recommended that Defendants' Motion to Dismiss (DE 6) be granted, in part as to all claims asserted by Marla Frasier and Parris Frasier individually, and denied, in part as to the claims asserted on behalf of M.F., to allow

---

[2]     Defendants removed the action to this court asserting jurisdiction pursuant to 28 U.S.C. § 1331.

2

Plaintiffs an opportunity to retain counsel on behalf of M.F. (DE 13.) Specifically, the Report recommended that Plaintiffs be allowed thirty days to retain counsel on behalf of M.F. (Id.) Neither Plaintiffs nor Defendants filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 13) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiffs' Motion to Remand (DE 5) is denied. It is also **ORDERED** that Defendants' Motion to Dismiss (DE 6) is granted, in part as to all claims asserted by Marla Frasier and Parris Frasier individually, and denied, in part as to the claims asserted on behalf of M.F. Further, Plaintiffs are granted thirty days from the date of this Order to retain counsel on behalf of M.F., or this matter shall be dismissed without prejudice as to claims on behalf of M.F. without further order of this Court.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 16, 2024

3

## NOTICE OF RIGHT TO APPEAL

Plaintiffs are hereby notified that they have the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.